# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
     **JUDGE**

## LETTER OPINION

Kenneth Lorenzo
59A Middlesex Ave.
Metuchen, N.J. 08440
*Pro se*

Phillip C. Apovian
640 Palisade Avenue
Englewood Cliffs, N.J. 07632
*Attorney for Defendants*

**Re:   Lorenzo v. Palisades Collection LLC, et al.,
          Docket No. 05-CV-886(WJM)**

Dear Counsel:

    This matter is before the Court on *pro se* Plaintiff Kenneth Lorenzo's motion for partial summary judgment. For the reasons stated below, this motion is **DENIED WITHOUT PREJUDICE**.

    Plaintiff filed a complaint on February 15, 2005 against Palisade Collection, LLC and two of its employees, Donna M. O'Neil and Gilda DiMarco, for violating the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692, *et seq.* (Compl. at 1.) Defendants filed an answer on March 21, 2005 and quickly thereafter, on March 28, 2005, Plaintiff filed this motion for partial summary judgment. (Pl.'s Mot. Summ. J. at 1.) Subsequently, a scheduling order was signed by Magistrate Judge Hedges on April 26, 2005, setting forth the close of discovery for July 26, 2005. (4/26/05 Scheduling Order.)

    Plaintiff's summary judgment motion contains five arguments, but fails to specify which counts in his complaint correspond with each argument. This Court has viewed the motion in

conjunction with the complaint and has attempted to identify the matching counts. Plaintiff seeks summary judgment on: (1) Count Nine alleging Defendants failed to provide Plaintiff with initial written notice of his debt containing the information required under 15 U.S.C. § 1692g of the FDCPA; (2) Count Seven alleging Defendants violated various sections of 15 U.S.C. §§ 1692(e) and 1692(f) of the FDCPA for inaccurately reporting Plaintiff's account as an "OPEN" account; (3) Count Five alleging Defendants violated various sections of 15 U.S.C. §§ 1692(e) and 1692(f) of the FDCPA for inaccurately reporting Plaintiff's account as "Over 120 Days Past Due"; (4) Count Two alleging Defendants furnished information to a credit reporting agency without notice that the information was disputed by the consumer in violation of 15 U.S.C. § 1681s-2(a)(3) of the FCRA; and, (5) Count Eight alleging Defendants violated 15 U.S.C. § 1692g(b) of the FDCPA by continuing collection activities after notice of a dispute was received. (Pl.'s Br. at 7-9.)

Defendants' response posited this motion was "premature" since discovery had not yet taken place. (Defs.' Br. at 4.) Defendants contend Palisade Collection LLC purchased a portfolio of past due accounts from AT&T Wireless, one of which was a debt owed by Plaintiff. (Id. at 3.) Defendants acknowledge attempts to collect on the account and the various correspondence between themselves and Plaintiff (Answer at 3-4), but deny any violations of the FDCPA or the FCRA. (Id. at 1.)

**A. Standard of Review**

Summary judgment eliminates unfounded claims without recourse to a costly and lengthy trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). However, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing there is no genuine issue of material fact rests initially on the moving party. See Celotex, 477 U.S. at 323. In evaluating a summary judgment motion the court must view all evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1985). The substantive law determines which facts are material. Id. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment." Id. No issue for trial exists unless the nonmoving party can demonstrate sufficient evidence favoring it, such that a reasonable jury could return a verdict in that party's favor. See id. at 249.

**B. Analysis**

Because Plaintiff filed this motion before discovery had taken place, there is insufficient evidence to support his contentions.[1]  Rather, the record is incomplete to make a determination as a matter of law.  "General allegations of injury may suffice at the pleading stage, but at summary judgment plaintiffs must set forth 'specific facts' to support their claims."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 198 (U.S. 2000).  Thus, Plaintiff does not set forth enough information for this Court to rule as a matter of law on any of these issues.

**1. Initial Notice Requirement Under the FDCPA**

Plaintiff asserts summary judgment should be granted as to Count Nine of his complaint, because Defendants violated 15 U.S.C. § 1692g(a) of the FDCPA.  (Pl.'s Br. at 7.)  Section 1692g(a) requires a debt collector to provide consumers with written notice of their debt as the initial communication or within five days of the initial communication.  15 U.S.C. § 1692g(a).  This section further requires the written notice to contain the amount of the debt, the name of the creditor to whom the debt is owed, and an explanation of a consumer's right to dispute and request verification of the debt.  Id.  See also Wilson v. Quadramed Corp., 225 F.3d 350, 353 (3d Cir. 2000).

Plaintiff argues the Defendants violated § 1692g(a) because they did not provide the requisite information within five days after the initial communication.  (Pl.'s Br. at 7.)  He contends the initial communication is either the Defendants' communication of the debt to credit reporting agencies or his initial phone conversation with Palisade Collection that took place on September 29, 2004.  (Id.)  Plaintiff further maintains that a letter dated August 16, 2004 cannot be considered the initial communication because it was sent by a third-party, rather than Palisade Collection.  (Pl.'s Reply at 1.)

The record is not clear as to the initial communication.  The date Defendants reported the account to the agencies has not been alleged, nor supported by evidence, and thus cannot be determined by this Court.[2]  Additionally, the September phone conversation occurred after Plaintiff was informed of the debt by the August letter.[3]  While Plaintiff argues this letter does

---

[1] This Court is aware of Fed. R. Civ. P. 56(a), which permits a claimant to move for summary judgment within 20 days from the commencement of the action.  Nonetheless, there is insufficient evidence to determine this motion.

[2] One credit report states the account was "placed for collection" as early as "07/2004."  (Pl.'s Br. at Exh. 12.)

[3] Notably, Defendant's response mentions this letter, as well as a later letter dated October 20, 2004, to demonstrate written notice was provided.  However, Defendant does not specify this letter as the initial communication.  (Defs.' Br. at 1.)

not qualify as the initial communication because a third-party collection agency, TxCollect, Inc. dba CTI, mailed this correspondence (Pl.'s Reply at 1), Plaintiff has failed to provide any legal support for such an argument and the letter appears to set forth the information required by § 1692g(a). (See Pl.'s Br. at Exh. 1.) Furthermore, as already stated, the initial communication cannot be determined since the record is incomplete as to the date the debt was reported to the credit reporting agencies. Therefore, summary judgment in this regard is denied.

### 2. Communicating False Representations Under the FDCPA

Plaintiff also contends that summary judgment should be granted as to Counts Seven and Five because Palisade Collection communicated false credit information to the credit bureaus in violation of 15 U.S.C. §§ 1692(e), 1692(e)(2)(a), 1692(e)(8), 1692(e)(10), and 1692(f) of the FDCPA. (Pl.'s Br. at 7-9.) Plaintiff claims the continuous reporting of his account as "OPEN" and "Over 120 Days Past Due" were misrepresentations. (Id.)

Defendants acknowledge the account was reported as alleged by the Plaintiff (Defs.' Statement of Undisp. Fact at ¶¶ 7-8); however, Defendants dispute communicating any false information. (Defs.' Br. at 2.) They claim these characterizations were accurate since they purchased the account as an "OPEN" account from AT&T Wireless and the current status was "Over 120 Days Past Due." (Id.)

While Plaintiff makes a general allegation that his account was not open and was not over 120 days past due, he does not provide any evidence indicating the status of the account. "General allegations" from either side as to the characterizations of the accounts are insufficient to make this determination. See Friends of the Earth, 528 U.S. at 198. There is not enough evidence to conclude whether these descriptions were false or accurate; therefore, summary judgment is denied.

### 3. Responsibilities of Furnishers of Information to Consumer Reporting Agencies Under the FCRA

Plaintiff next requests summary judgment pursuant to a violation of 15 U.S.C. § 1681s-2(a)(3) of the FCRA. This section creates a duty for any person who furnishes information to a credit reporting agency to notify the agency in the event of a dispute. (Pl.'s Br. at 9). Plaintiff alleges he disputed the account reported by Palisade Collection, yet his credit reports never annotated the dispute indicating Defendants had not notified the agencies. (Id.)

Plaintiff's complaint does not include a count which references § 1681s-2(a). Rather, Plaintiff asserts violations of § 1681s-2(b) in Counts Two and Three.[4] Since Plaintiff is *pro se*, his complaint and motion are being construed liberally. See Higgins v. Beyer, 293 F.3d 683, 688

---

[4] Plaintiff's Counts Two and Three are identical, thus this Court will consider them as one count and refer to them as Count Two.

(3d Cir. 2002). However, Plaintiff clearly intended to file this motion pursuant to subsection (a) because he goes so far as to quote language directly from that subsection. (Pl.'s Brief at 9.) Plaintiff's summary judgment motion in this regard must be denied as there not only is no corresponding count in the complaint, there is no private cause of action pursuant to this subsection. Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002) (subsection (a) 'shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section.'") See also Young v. Equifax Credit Info. Servs. Inc., 294 F.3d 631, 639 (5th Cir. 2002).

Even if this Court were to assume Plaintiff intended to bring this motion for Count Two, which alleges a violation of § 1681s-2(b), this issue nevertheless cannot be decided. Subsection (b) sets forth the duties of furnishers of information after a consumer reporting agency notified them of a dispute. 15 U.S.C. § 1681s-2(b)(1). Courts have upheld a private cause of action under subsection (b) only when "the plaintiff shows that the furnisher 'received notice from a consumer reporting agency,' as opposed to the plaintiff alone, 'that the credit information is disputed.'" Fino v. Key Bank, 2001 U.S. Dist. LEXIS 24358, *14 (W.D. Pa. 2001) (citing Dornhecker v. Ameritech Corp., 99 F. Supp.2d 918, 928-29 (N.D. Ill. 2000)). The record is devoid of such evidence as discovery has not yet been completed; therefore, summary judgment is denied.

### 4. Disputed Debts Under the FDCPA

Lastly, Plaintiff alleges summary judgment should be granted as to Count Eight because Defendants violated 15 U.S.C. § 1692g(b) of the FDCPA by continuing collection efforts after a notice of a dispute was received. (Pl.'s Br. at 9.) This section "mandates the debt collector to cease all collection efforts if the consumer provides written notice that he or she disputes the debt or requests the name of the original creditor until the debt collector mails either the debt verification or creditor's name to the consumer." Wilson, 225 F.3d at 354 (citing 15 U.S.C. § 1692g(b)). A debt collector may begin collection efforts prior to receiving notice of a dispute, but must cease its efforts during the time between the request for verification and the mailing of the verification to the debtor. See Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997) (citing 15 U.S.C. § 1692g(b)). Plaintiff contends that the Defendants' act of reporting the account to consumer reporting agencies constituted collection efforts. (Pl.'s Br. at 9.)

An express demand for payment would certainly qualify as an effort to collect a debt. Luxenburg v. Equifax Credit Info. Servs., 2005 U.S. Dist. LEXIS 426, *8-10 (D. Ill. 2005). However, it is less clear whether reporting a debt to a consumer reporting agency constitutes a collection effort. See id. Even if this Court were to conclude that reporting a debt is a collection effort, the record is ambiguous as to the date Palisade Collection reported the debt to the consumer reporting agencies.

Plaintiff's letter disputing the account was dated September 22, 2004 (Pl.'s Br. at Exh. 1), and Defendants claim receipt was not until October 19, 2004. (Pl.'s Br. at Exh. 3.) As requested, Palisade Collection then sent Plaintiff verification of the account on November 9,

5

2004. (Pl.'s Br. at Exh. 4.) To demonstrate a violation of §1692g(b), Plaintiff must establish the Defendants reported the account after Plaintiff disputed it on September 22, 2004, but before Defendants sent the verification on November 9, 2004. See Luxenburg, 2005 U.S. Dist. LEXIS at *10. While Plaintiff submitted credit reports from this period that listed the account, this alone does not establish the Defendants reported the account during this small window of time. See id. Defendants potentially transmitted this information to the credit reporting agencies prior to the Plaintiff's request for verification. See id. Again, the record has not been sufficiently established to make this determination; therefore, summary judgment is denied.

**C. Conclusion**

Since discovery is not complete, and had not even begun at the time this motion was filed, these issues cannot be determined as a matter of law. In conclusion, Plaintiff's motion for partial summary judgment is **DENIED WITHOUT PREJUDICE**.

A separate order will be entered consistent with this letter opinion.

**Dated:** July 11, 2005

s/ William J. Martini
**William J. Martini, U.S.D.J.**