UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE

50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

**LETTER OPINION**

April 5, 2006

Kenneth Lorenzo
59-A Middlesex Ave.
Metuchen, New Jersey 08840

    *(Plaintiff, pro se)*

Philip C. Apovian
640 Palisade Avenue
Englewood Cliffs, New Jersey 07632

    *(Attorney for Defendant)*

**Re:**    *Lorenzo v. Palisades, et al.*
        **Civil Action No. 05-0886 (WJM)**

Dear Litigants:

    This Court is in receipt of Plaintiff's motion to strike offer of judgment, Plaintiff's motion for partial summary judgment and Defendants' cross-motion for summary judgment.  For the reasons stated below, Defendants' motion is **GRANTED**, Plaintiff's motions are **DENIED**, and Plaintiff's complaint is **DISMISSED**.

*Factual and Procedural Background*
    Pro se Plaintiff Lorenzo has sued Defendants Palisades Collection, LLC ("Palisades") and two of its employees, Donna M. O'Neil and Gilda DiMarco, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  In July 2005, the Court denied Lorenzo's motion for partial summary judgment as premature.  Following further discovery, both parties have now moved for summary judgment.

1

Because a full recapitulation of the allegations in the Complaint is not necessary for resolution of these motions, the Court will not provide one here. For present purposes, it suffices to say that in or around July 2004, Palisades purchased consumer debt from AT&T, including that of Lorenzo. According to AT&T's records, Lorenzo owed $253.37 for cellular phone service. Upon receiving a collection notice sometime in August 2004, Lorenzo wrote to Palisades in September 2004 demanding validation of the debt. In November 2004, Palisades sent Lorenzo documentation from AT&T identifying the nature and amount of the debt and identifying the debt as belonging to Lorenzo. Notwithstanding this documentation, Lorenzo continued to dispute the debt and, in May 2005, filed this lawsuit against Palisades, O'Neil, and DiMarco.[1] By way of summary, Lorenzo alleges that Defendants failed to validate the debt yet continued to report it to consumer reporting agencies. As a result, Lorenzo claims he was unable to secure a car loan except at an exceptionally high interest rate.

On December 16, 2005, Defendants sent Lorenzo an offer of judgment pursuant to Fed. R. Civ. P. 68 for two-thousand dollars plus forgiveness of any sums due under the debt. Lorenzo rejected the offer. Now Defendants move for summary judgment on the grounds that their offer of judgment renders the lawsuit moot. Defendants argue that, even if Lorenzo were to prove liability, Lorenzo cannot recover any more than what they have already offered as a matter of law. Because Defendants have already offered a judgment for two-thousand dollars plus forgiveness of any debt, they claim there is no longer any justiciable issue before the Court. They ask the Court to enter judgment in the amount of the offer and dismiss the claim. Plaintiff has moved to strike the offer of judgment as impermissible under the federal rules.

*Standard of Review*

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See id.; see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 247-48. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

*FCRA Allegations*

Lorenzo alleges Defendants violated the FCRA by failing to notify consumer reporting agencies of the dispute over the debt and failing to correct and update information regarding the debt pursuant to their obligations under 15 U.S.C. § 1681s-2. Lorenzo also alleges Defendants violated § 1681b by obtaining his consumer report for an impermissible purpose. The Court finds that Lorenzo has no cause of action under the FCRA and that all claims under the statute

---

[1] The complaint does not make clear what roles O'Neil and DiMarco played.

should be dismissed.

Previously, in its letter opinion of July 11, 2005, the Court dismissed those claims brought under § 1681s-2(a) because this subsection does not allow for a private cause of action. (*See* July 11, 2005 Letter Op. 5.) With respect to subsection (b), the Court noted that a private cause of action exists, but only where the furnisher of information receives notice of a dispute directly from a consumer reporting agency, as opposed to from the consumer. (*Id.*) The Court reserved its decision as to the merits of a claim under this subsection, finding insufficient evidence in the record to determine whether such communication had taken place. The Court now finds Lorenzo has no cause of action under subsection (b), since Lorenzo has failed to put forth any evidence demonstrating that Defendants received a notice of dispute from a consumer reporting agency. Finally, Lorenzo's claim under § 1681b is also dismissed, since the record is devoid of any evidence to show Defendants ever obtained his consumer report from a consumer reporting agency, much less for an impermissible purpose.

*FDCPA Allegations*

With regard to the FDCPA, Lorenzo alleges the following violations of § 1692(g): (1) failure to send a validation rights notice, (2) failure to verify the debt upon receipt of Lorenzo's dispute letter, and (3) continuing collection activities during the validation period. Lorenzo also claims Defendants violated §§ 1692(e) and (f) by falsely representing the character of the debt to consumer reporting agencies and using unfair means in their attempts to collect the debt.

With regard to § 1692(g), the Court finds that Palisades did in fact properly verify the debt. The record shows that on November 9, 2004, Palisades sent to Lorenzo an AT&T invoice verifying the date and amount of the debt, the name of the debtor, and information sufficient to demonstrate that the debt was owed for cellular phone service. The record also shows that Lorenzo received this information via certified mail on November 16, 2004. Under Third Circuit case law, provision of the information that Palisades provided amounts to proper verification of the debt. *See Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) (finding sufficient verification where collection agency provided information regarding amount of debt, services provided, and date(s) on which debt was incurred).

Having made this determination, the Court finds it unnecessary to pass on whether Defendants failed to send Lorenzo a validation rights notice and whether they unlawfully continued collection efforts during the validation period. Even if Defendants were found liable for these claims, Defendants are correct in pointing out that Lorenzo could not recover any more than the offer of judgment, as explained below.

*Motion to Strike Offer of Judgment*

Lorenzo moves before the Court to strike Defendants' offer of judgment on the grounds that the federal rules "make[] no provision for the filing of such offer of judgment by the party making the offer." (Pl.'s Br. 1.) The Court denies the motion as without any basis in fact or law.

*Potential Recovery*

Under the FDCPA a successful litigant can recover (1) actual damages, (2) statutory damages not exceeding one-thousand dollars, and (3) attorney's fees and costs. 15 U.S.C. § 1692(k). As an initial matter, the Court finds that even if Defendants were found to have

committed the aforementioned violations, Lorenzo suffered no actual damages as a result. Lorenzo's only claim of damages is that, as a result of Defendants' actions, he could not secure financing for his car except at an extremely high interest rate. Specifically, Lorenzo claims that on November 21, 2004, he was denied financing at a 3.9% interest rate and has been forced to pay 13.5% as a result. The record shows, however, that Lorenzo received documents validating the debt from Defendants on November 16, 2004. Thus, even if Palisades had unlawfully reported the debt to consumer reporting agencies during the validation period, that violation had nothing to do with the loan rejection since by then Palisades had properly verified the debt. As such, Lorenzo did not suffer any actual damages.[2]

Given that Lorenzo cannot establish actual damages, even if he were successful in proving the remaining alleged violations of the FDCPA, he cannot recover any more than one-thousand dollars in statutory damages and costs.[3] Further, the Court finds that costs of this suit cannot conceivably exceed one-thousand dollars inclusive of filing fees, copying fees, and supplies, among others. Defendants are thus correct in arguing that Lorenzo cannot recover more than two-thousand dollars even if he succeeded on the remaining claims at trial. Given this finding, the Court holds there is no longer any justiciable issue for determination by the Court, orders entry of judgment in the amount of Defendants' Rule 68 offer of judgment, and dismisses the complaint as moot. *See Ambalu v. Rosenblatt, et al.*, 194 F.R.D. 451 (E.D.N.Y. 2000) (finding lawsuit moot where offer of judgment provided maximum statutory relief obtainable by plaintiff under FDCPA).

*Conclusion*

The Court finds Lorenzo's potential recovery under this lawsuit cannot exceed the amount Defendants have already offered in their offer of judgment pursuant to Fed. R. Civ. P. 68. As there is no longer any justiciable issue for determination by the Court, Defendants' motion is **GRANTED**, and the Court enters judgment in favor of Lorenzo in the amount of two-thousand dollars plus forgiveness of any debt owed to Palisades. Lorenzo's motion to strike the offer of judgment is **DISMISSED**. Lorenzo's motion for partial summary judgment and his complaint are **DISMISSED** as moot. An appropriate Order accompanies this Opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

---

[2] The Court also notes that Lorenzo does not actually deny that he owed the debt nor did he proffer any evidence to show the debt was invalid.

[3] Lorenzo is not entitled to attorney's fees since he is pro se.